**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 21, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HECTOR JUAREZ-LOPEZ,

Defendant-Appellant.

No. 09-4189
(D.C. No. 2:09-CR-00572-TS-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

---

Pursuant to a plea agreement, Hector Juarez-Lopez pleaded guilty to illegal

reentry by a previously removed alien, in violation of 8 U.S.C. § 1326. He was

sentenced to 41 months' imprisonment. Although the plea agreement contained a

waiver of his appellate rights, Mr. Juarez-Lopez filed a notice of appeal.

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

The government has moved to enforce the plea agreement based on Mr. Juarez-Lopez's appellate waiver. Under *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam), we will enforce an appellate waiver if (1) the "appeal falls within the scope of the waiver of appellate rights;" (2) "the defendant knowingly and voluntarily waived his appellate rights;" and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id.* at 1325. Mr. Juarez-Lopez, through his counsel, concedes that his appeal falls within the scope of the appeal waiver, that his waiver was knowing and voluntarily entered, and that enforcement of the waiver would not result in a miscarriage of justice.

Accordingly, we GRANT the government's motion to enforce and DISMISS this appeal.

ENTERED FOR THE COURT
PER CURIAM